IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ADRIAN JAMES WOOD,
    Petitioner,

vs.                                              Case No.:  5:10cv200/RS/EMT

KENNETH S. TUCKER,[1]
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

       This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 6).  Respondent filed an answer and relevant portions of the state court record (doc. 24).  Petitioner filed a reply (doc. 36).

       The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

       The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 24).[2]  Petitioner was charged in the Circuit Court in and for Bay County, Florida, Case No. 2007-CF-0803, with one count of obstructing an officer without violence (Count

---

[1] Kenneth S. Tucker succeeded Edwin G. Buss as Secretary for the Department of Corrections.  Secretary Tucker is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d)(1).

[2] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 24).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

I) and one count of possession of a controlled substance (Hydrocodone, commonly known as Lortab) (Count II) (Ex. C). Following a jury trial on February 29, 2008, Petitioner was found guilty as charged (Exs. D, E, F). The same day, Petitioner was adjudicated guilty and sentenced to time served on Count I, and four (4) years of imprisonment on Count II, with pre-sentence credit of 353 days (Ex. G).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D08-1147 (Exs. H, I). The First DCA affirmed the judgment per curiam without written opinion on July 27, 2009, with the mandate issuing August 12, 2009 (Ex. K). Wood v. State, 12 So. 3d 1289 (Fla. 1st DCA 2009) (Table). Petitioner did not seek further review.

On September 15, 2008, while his direct appeal was pending, Petitioner filed a petition for writ of habeas corpus in the state circuit court (Ex. L). In an order rendered October 1, 2008, the state circuit court dismissed the petition as unauthorized, because Petitioner filed the petition pro se and was represented by counsel at the time (Ex. M).

On November 3, 2008, Petitioner filed another habeas petition in the state circuit court (Ex. N). In an order rendered November 5, 2009, the state circuit court construed the pleading as a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. O). The court ordered the motion stricken because it was not properly sworn and failed to meet the pleading requirements of Rule 3.850(c) (*id.*). On December 23, 2009, Petitioner filed an amended Rule 3.850 motion (Ex. P). The state circuit court summarily denied the motion on March 29, 2010 (Ex. S). Petitioner appealed the decision to the First DCA, Case No. 1D10-2231 (Exs. T, U). The First DCA affirmed the decision per curiam without written opinion on June 18, 2010, with the mandate issuing July 14, 2010 (Ex. W). Wood v. State, 38 So. 3d 137 (Fla. 1st DCA 2010) (Table).

Petitioner filed the instant federal habeas action on July 22, 2010 (doc. 1). Respondent does not contest the timeliness of the petition (doc. 24 at 4).

II.   EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the

---

[3] Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365–66. More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). In Baldwin, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by

---

[4] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal. 513 U.S. at 366.

Case No. 5:10cv200/RS/EMT

citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32. This language, while not part of the Court's holding, provides helpful instruction. With regard to this language, the Eleventh Circuit explained in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[5]

The Eleventh Circuit, prior to Duncan, had broadly interpreted the "fair presentation" requirement. After Duncan, however, the Eleventh Circuit has taken a more narrow approach. For example, in Zeigler v. Crosby, the court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the United States Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the Florida Constitution. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and

---

[5] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411, 424–25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and

expressly state it is relying on state procedural rules to resolve the federal claim.[6]  Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law.  Third, the state procedural rule must be adequate. *Id.*  The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Id.*

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice.  Tower, 7 F.3d at 210; Parker, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  Tower, 7 F.3d at 210.  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  Schlup, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claims.

III.    PETITIONER'S CLAIMS

    A.    <u>Ground One: "Trial court erred by denying the petitioner's judgment of acquittal in violation of the 5th, 6th, and 14th Amendments of the United States."</u>

---

[6] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

Case No. 5:10cv200/RS/EMT

Petitioner asserts the State failed to present any evidence to rebut his defense that his brother placed the controlled substance (Lortab) into Petitioner's cigarette pack without his knowledge; therefore, the trial court violated his federal due process rights by denying the motion for judgment of acquittal ("JOA") (doc. 6 at 5).[7] Petitioner states he raised this claim on direct appeal (*id.*).

Respondent asserts it "appears" Petitioner "may" have exhausted this claim, but expressly states the State is not waiving the exhaustion requirement (doc. 24 at 1, 10). Without waiving the exhaustion defense, Respondent argues Petitioner's claim is without merit (*id.* at 10–16).

The state court record demonstrates that in Petitioner's brief on direct appeal of his conviction, he argued the trial court erred by denying his motion for JOA because the State presented no evidence that rebutted his defense that his brother placed the Lortab into his cigarette pack without his knowledge (Ex. I at 10–13). Petitioner argued the only contested element at trial was whether he knew that the Lortab was in a cigarette pack he retrieved from his vehicle (*id.*). He argued he presented evidence (his own testimony and that of his brother) that his brother placed the Lortab in the cigarette pack without his knowledge (*id.*). He argued the State presented no evidence to contradict this version of events and instead relied upon a permissible inference provided in the Florida standard jury instructions, based upon Florida Statutes § 90.302(1), which permitted the jury to infer his knowledge of the presence of the substance from the fact that it was in his actual possession (*id.*). Petitioner argued the trial court should have granted the motion for judgment of acquittal, because the only actual evidence regarding the knowledge element was the defense's evidence of his lack of knowledge (*id.*).

Petitioner framed his claim of trial court error in terms of state law without making any reference to federal law, and in the body of his argument he made no specific reference to the United States Constitution or federal law, and he cited no federal cases. He argued Florida law only. Nothing in Petitioner's brief put the state court on notice that the issue was being presented as a federal constitutional claim. Therefore, the undersigned concludes Petitioner's claim of trial court error with respect to the denial of the motion for JOA was not fairly presented to the state court as a federal constitutional claim and is thus unexhausted. *See, e.g.*, <u>Ramos v. Sec'y, Dep't of Corr.</u>,

---

[7] The page references to the parties' pleadings used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Case No. 5:10cv200/RS/EMT

441 Fed. Appx. 689, (11th Cir. 2011) (petitioner's federal sufficiency of evidence claim was not exhausted where petitioner made only passing reference to federal constitutional right to due process in arguing that trial court improperly denied motion for judgment of acquittal because State failed to sufficiently prove premeditation element of murder); Pearson v. Sec'y, Dep't of Corr., 273 Fed. Appx. 847, 850 (11th Cir. 2008) (petitioner's federal sufficiency of evidence claim was not exhausted where petitioner cited exclusively to Florida cases in state court and addressed Florida law in all of his substantive arguments, even though Florida courts assess sufficiency of evidence under standard identical to federal standard); Cook v. McNeil, 266 Fed. Appx. 843, 845–46 (11th Cir. 2008) (petitioner did not alert the state court to the alleged federal nature of his sufficiency of the evidence claim and therefore failed to exhaust his federal due process claim; even though petitioner moved for judgment of acquittal and although Florida courts assess the sufficiency of the evidence under the standard applied in Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 2798, 61 L. Ed. 2d 560 (1979), petitioner cited exclusively to the state cases and all of his substantive arguments addressed Florida law; "the tenor of [petitioner's] narrow arguments that challenged the characterization of his knife and the sequence of his actions under the Florida statute did not bring a federal claim about due process to the attention of the state appellate court."). *But see* Mulinix v. Sec'y for Dep't of Corr, 254 Fed. Appx. 763 (11th Cir. 2007) (petitioner's federal sufficiency of evidence claim was exhausted where petitioner presented identical argument to state and federal courts, and Florida courts' sufficiency of evidence standard was identical to federal standard).[8]

Now, any further attempt at exhaustion in the state courts would be futile, because Petitioner's claims would be procedurally barred under Florida law. *See* Rodriquez v. State, 919 So. 2d 1252, 1262 n.7 (Fla. 2005) (holding that issues were procedurally barred because they should have been, but were not, raised on direct appeal); Smith v. State, 445 So. 2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.").

As discussed *supra*, to overcome a procedural default such that this court may consider the merits of his claims, Petitioner must show cause for the default and prejudice resulting therefrom

---

[8] The undersigned cites unpublished opinions of the Eleventh Circuit only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No. 5:10cv200/RS/EMT

or a fundamental miscarriage of justice. <u>Tower</u>, 7 F.3d at 210; <u>Parker</u>, 876 F.2d 1470. Petitioner has not alleged cause for his default; nor has he alleged he is entitled to review of his claim through the "fundamental miscarriage of justice" exception to the procedural bar.[9] Therefore, Ground One is procedurally defaulted and will not be considered by this court.

> B.    <u>Ground Two: "Ineffective assistance of counsel where counsel misadvised the petitioner to not request a mistrial and in not requesting one [sic] in violation of the 5th, 6th, and 14th Amendments of the U.S. Constitution."</u>
>
> <u>Ground Three: "Ineffective assistance of counsel where counsel failed to object to the prosecutor's prejudicial questioning in violation of the 5th, 6th, and 14th Amendments of the U.S. Constitution."</u>
>
> <u>Ground Four: "Ineffective assistance of counsel where counsel failed to object to the prosecutor's prejudicial statements in closing arguments in violation of the 5th, 6th, and 14th Amendments of the U.S. Constitution."</u>

(doc. 6 at 5–6). Petitioner states he raised each of these claims in his Rule 3.850 motion (*id.*).

Respondent argues Petitioner failed to exhaust any of these claims (doc. 24 at 16–37). Respondent states Petitioner presented each claim in his Rule 3.850 motion, but he did not argue any of these claims on appeal of the lower court's summary denial of the motion; instead, Petitioner argued only a procedural issue (*id.*). Therefore, according to First DCA precedent, he waived appellate review of his claims (*id.*). Respondent thus argues the claims are procedurally barred from federal review (*id.*).

The First DCA requires an appellant who files a brief when appealing a summarily denied post-conviction motion, to address all arguments in his brief that he wishes to preserve for appellate review. *See* <u>Watson v. State</u>, 975 So. 2d 572, 573 (Fla. 1st DCA 2008).[10] However, if an appellant

---

[9] Although ineffective assistance of counsel which rises to the level of a constitutional deprivation can serve as cause for purposes of a procedural default analysis default, the issue of ineffective assistance must first be presented as an independent state claim and exhausted in the state courts. <u>Murray</u>, 477 U.S. at 488; <u>Orazio v. Dugger</u>, 876 F.2d 1508 (11th Cir. 1989). In Florida, a claim of ineffective assistance of appellate counsel is actionable in a petition for writ of habeas corpus filed in the appellate court to which the appeal was taken. *See* Fla. R. App P. 9.141(d). In the instant case, Petitioner did not present a claim of ineffective assistance of appellate counsel to the First DCA. Therefore, any such claim could not serve as cause for the procedural default of Ground One.

[10] The Eleventh Circuit held, albeit in an unpublished opinion, that when a Florida defendant does not receive an evidentiary hearing in his Rule 3.850 proceeding and appeals the circuit court's decision denying his motion, he satisfies the federal exhaustion requirement as to <u>all</u> claims raised in his Rule 3.850 motion, even if he files a brief and fails to address each issue in his appellate brief. *See* <u>Darity v. Sec'y, Dep't of Corr.</u>, 244 Fed. Appx. 982, 984, 2007 WL

does not file a brief when appealing, the appellate court is required to investigate all possible means of relief. *Id.* n.1; *see also* Fla. R. App. P. 9.141(b)(2).

In the instant case, the state court record demonstrates that in Petitioner's Rule 3.850 motion, he raised the same three claims of ineffective assistance of counsel that he raises in his federal petition (Ex. P). The state circuit court summarily denied all of his claims (Ex. S). Petitioner appealed the decision to the First DCA and chose to file an appellate brief (Exs. T, U). The only issue he argued was the lower court's failure to hold an evidentiary hearing or attach specific portions of the record refuting his claims, as required by Rule 3.850(d) (Ex. U). The First DCA affirmed the circuit court's decision without written opinion (Ex. W).

As previously discussed, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U. S. at 845. In the instant case, Petitioner's initial brief in his post-conviction appeal was filed May 10, 2010, well after Watson was decided and after the law of the Fifth DCA changed. Therefore, to obtain appellate review of the federal claims raised in his summarily denied Rule 3.850 motion, he was required to raise and fully address those issues in his appellate brief. *See* Watson, 975 So. 2d at 573. *Cf.* Daniels v. Sec'y, Dep't of Corr., No. 6:10cv200-ACC-KRS, 2010 WL 5297167, at 7 (M.D. Fla. Dec. 20, 2010) (recognizing that Webb was receded from in Ward, but holding that Webb was applicable to federal petitioner's claim, because his state post-conviction appeal pre-dated Ward). In Petitioner's appellate brief, he did not raise substantive arguments as to any of the ineffective assistance of counsel claims he raised in his Rule 3.850 motion; instead, he argued purely a procedural issue, that is, that the lower court erred by failing to hold an evidentiary hearing or attach specific portions of the record refuting his claims, as required by Rule 3.850(d). Petitioner's having chosen to seek appellate review of only a state procedural issue, not the federal constitutional issues raised in his Rule 3.850 motion, he failed to invoke the state court's established appellate review process as to his constitutional claims and thus did not properly present them to the state court.

---

2274618 (11th Cir. 2007) (emphasis added); Cortes v. Gladish, 216 Fed. Appx. 897, 899–900, 2007 WL 412484, at *2 (11th Cir. 2007). However, the Florida case upon which the Eleventh Circuit relied in Darity and Cortes, that is, Webb v. State, 757 So. 2d 608 (Fla. 5th DCA 2000), is no longer the decisional law of the Fifth DCA. *See* Ward v. State, 19 So. 3d 1060, 1061 (Fla. 5th DCA 2009) (en banc).

Case No. 5:10cv200/RS/EMT

Any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, because a second appeal is unavailable, and any further attempt to raise the claims in another Rule 3.850 motion would be subject to dismissal as successive. *See* Fla. R. Crim. P. 3.850(f). Therefore, Grounds Two, Three, and Four are procedurally defaulted.

To the extent Petitioner relies upon his misunderstanding of Florida law as cause for his failure to properly present his ineffective assistance of counsel claims to the First DCA (*see* doc. 36 at 7–15), such misunderstanding does not excuse his procedural default. To establish "cause" sufficient to overcome the procedural bar, Petitioner must show the existence of "an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim" which prevented him from raising the claim. McCleskey, 499 U.S. at 497 (emphasis added). It is well established that a petitioner's ignorance of the law cannot excuse a procedural default. *See* Tower, 7 F.3d at 211 (ignorance of available post-conviction remedies cannot excuse a procedural default) (citations omitted). Therefore, Petitioner has failed to establish he is entitled to review of his ineffective assistance of counsel claims under the "cause and prejudice" exception to the procedural bar.

Petitioner does not argue he is entitled to federal review under any other recognized exception to the procedural bar. Therefore, Grounds Two, Three, and Four are procedurally barred.[11]

IV.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

---

[11] Moreover, to the extent Petitioner raises here the claim he presented to the First DCA in his post-conviction appeal, that is, the alleged procedural defect in the initial Rule 3.850 proceeding, his claim does not present a basis for federal habeas relief. *See* Quince v. Crosby, 360 F.3d 1259, 1261–62 (11th Cir. 2004) (defects in collateral proceedings are unrelated to the actual cause of petitioner's custody, and do not state a basis for habeas corpus relief); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (state court's failure to hold a hearing on Rule 3.850 motion and failure to attach relevant portions of the record to its order were unrelated to the cause of detention, and did not state a basis for § 2254 relief).

Case No. 5:10cv200/RS/EMT

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Kenneth S. Tucker is substituted for Edwin G. Buss as Respondent.

And it is respectfully **RECOMMENDED**:

1. That the amended petition for writ of habeas corpus (doc. 6) be **DENIED**.
2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 31st day of May 2012.


/s/ Elizabeth M. Timothy
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  See **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**